FIRST NATIONAL BANK OF HOUGHTON v. PETER ROBERT.

*Indorsement—Genuineness of signature—Comparison.*

<div style="float:right">
41  709<br>
116  621<br>
41  709<br>
145  447
</div>

Where the genuineness of defendant's signature is at issue, experts may properly compare it before the jury with his acknowledged signatures to other papers in the case.   But defendant cannot

on cross-examination be required to write his name in court for purposes of comparison; nor to introduce signatures made by him before the instrument in suit.

Error to Baraga.  Submitted Oct. 15.  Decided Oct. 21.

ASSUMPSIT.  Plaintiff brings error.

*T. L. Chadbourne* for plaintiff in error.  A party on cross-examination may be asked to sign his name for comparison with a signature in suit, *Doe v. Wilson*, 10 Moore P. C., 530; *Chandler v. Le Barron*, 45 Me., 534; *King v. Donahue*, 110 Mass., 155; Taylor's Ev., § 1669.

*Chandler & Grant* for defendant in error.  Where a signature is disputed other signatures not connected with the case are not admissible for purposes of comparison (2 Phil. Ev., 609, 599, n. 481; 1 Greenl. Ev., § 581, n. 1; *Pope v. Askew*, 1 Ired., 16; *Goodyear v. Vosburgh*, 63 Barb., 154; *Hazleton v. Union Bank*, 32 Wis., 34; *Tome v. Parkersburg R. R. Co.*, 39 Md., 36; *Clark v. Rhodes*, 2 Heisk., 206; *Randolph v. Loughlin*, 48 N. Y., 456; *Cowan v. Beall*, 1 MacArthur, 270; *Bishop v. State*, 30 Ala., 34; *Little v. Beazley*, 2 Ala., 703; *Hanley v. Gaudy*, 28 Tex., 211; *Pierce v. Northey*, 14 Wis., 9; *Goldsmith v. Bane*, 3 Halst., 87; *Moore v. United States*, 91 U. S., 271; *Wilson v. Kirkland*, 5 Hill, 182; *Jumpertz v. People*, 21 Ill., 375; *Brobston v. Cahill*, 64 Ill., 356; *Foster's Will*, 34 Mich., 21; Best's Evid., 247), even though genuine (*Huston v. Schindler*, 46 Ind., 42) unless in corroboration of other evidence, 2 Phil. Ev., 610; n. 483; *Woodard v. Spiller*, 1 Dana, 181; *Boman v. Plunkett*, 2 McCord, 520; *M'Corkle v. Binns*, 5 Binn., 340; *Farmers' Bank v. Whitehill*, 10 S. & R., 110; *Vickroy v. Skelley*, 14 S. & R., 372; *Myer v. Toscon*, 3 N. H., 47; *Bowman v. Sanborn*, 25 N. H., 110.

GRAVES, J.  The bank sued the defendant as endorser of a note for $5,000.  The defense was that the endorsement was not genuine, and the usual affidavit in denial

of execution was filed. The evidence for the bank to prove that the endorsement was genuine was confined to the testimony of certain experts who were allowed to compare it before the jury with signatures of the defendant to papers in the cause and admitted to be his.

This was proper. *Vinton v. Peck*, 14 Mich., 295. The defendant being sworn in his own behalf denied the endorsement.

He was then cross-examined and was questioned in regard to his having signed papers not in the case, and was asked in particular whether he would not produce signatures made prior to the note in suit and whether he would not write his name there in court.

The judge excluded all these inquiries on objection, and it is of these rulings that complaint is made.

The object of the questions was to bring into the case extrinsic signatures for the purpose of comparison by the jury, and we think the judge was correct in ruling against it. The view explained in *Vinton v. Peck*, supra, applied.

There is no error, and the judgment is affirmed with costs.

The other Justices concurred.