THE PEOPLE v. LOUIS GALE.

*Cross-examination—Forged writings.*

Where a respondent in a criminal case is examined as a witness on his own behalf it is discretionary with the trial judge to allow him to be cross-examined as to criminal proceedings against him.

Where the jury, in a prosecution for forgery, have the alleged forgery before them for inspection, together with genuine writings, they are not to rely solely on the testimony of experts, but must use their own judgment in deciding upon the effect of a comparison of the papers as evidence in the case.

A finding by a trial judge in overruling a motion for a new trial in a criminal case can not be made a ground for the review of the case.

Exceptions before judgment from the Superior Court of Grand Rapids. (Parrish, J.) Jan. 18.—Feb. 27.

INFORMATION for uttering a forged mortgage. Respondent was convicted. Exceptions overruled.

Prosecuting attorney *F. A. Maynard, Maynard & Wanty* and Attorney General *Jacob J. Van Riper* for the People. The granting or refusal of a new trial is within the discretion of the trial court, and the Supreme Court will not review its de-

cision: *Bourke v. James* 4 Mich. 336; *Cuddy v. Major* 12
Mich. 368; *Penn. Mining Co. v. Brady* 14 Mich. 260;
*Final v. Backus* 18 Mich. 218; *People v. Judge of Wayne
Circuit* 20 Mich. 220; *Davis v. Bush* 28 Mich. 432; *Pol-
hemus v. Ann Arbor Savings Bank* 27 Mich. 44; this
applies as well to criminal as to civil cases: *Crippen v.
People* 8 Mich. 125; *Johr v. People* 26 Mich. 427; *Bron-
son v. People* 32 Mich. 34; but see *Hill v. People* 16 Mich.
351; a witness may be asked on cross-examination, within
the proper discretion of the court, not only concerning his
conviction, but also any serious charge brought against him:
*Wilbur v. Flood* 16 Mich. 40; *Clemens v. Conrad* 19 Mich.
170; *Hamilton v. People* 29 Mich. 173.

*E. S. Eggleston* for respondent.

GRAVES, C. J. The defendant was convicted of the
crime of forgery, and having alleged exceptions and no
judgment having been given he asks to have the verdict set
aside and a new trial granted.

He was sworn as a witness in his own behalf, and on cross-
examination the prosecuting attorney was allowed to ask
him if he did not know as matter of fact that a certain
information to which he had pleaded was based on the com-
plaint of A. T. White. His counsel excepted to the ruling,
and the defendant replied that he could not answer; and
further, that he never saw the complaint. The record fails
to show that the question was open to exception. *People v.
Cummins* 47 Mich. 334; *Driscoll v. People* 47 Mich. 413.
And moreover the reply given tends to show that what was
elicited was of no consequence.

Certain genuine signatures of the person whose name the
defendant was accused of forging were submitted without
objection, that the jury might compare them with the
alleged forgery, and in charging the jury the trial judge in-
formed them in substance that they were expected to apply
their own judgments to ascertain the evidentiary effect of
a comparison of the signatures and not entirely rely on the
testimony which experts had given on it. The charge was

not in these terms, but such seems to have been its meaning.

The case raises no question concerning the submission of the papers. On the contrary it appears that they were introduced without objection and with the understanding that the jury should " consider " them. The signatures were therefore before them as evidence and they had heard the experts and surely they were entitled to use their own faculties in instituting a comparison and in reaching an opinion. Whatever facts had been put in evidence and from whatever source, were present to afford such light and such assistance as in the judgment of the jury they were fitted to afford. But the process of investigation by inspection and comparison and the attainment of a satisfactory conclusion required the application of personal intelligence, no matter how much light and assistance proceeded from extrinsic sources. And the instruction to the jury suggested nothing beyond their province under the circumstances presented. *Vinton v. Peck* 14 Mich. 287 ; *Crist v. State* 21 Ala. 137 ; *Moore v. United States* 91 U. S. 270. The question is not ruled by the *Foster case* 34 Mich. 21.

The attempt to get a review by means of a finding by the trial judge on overruling a motion for a new trial, as though there were a special verdict, is without precedent and wholly unwarranted.

The case calls for nothing further.

The exceptions are overruled, and the court is advised to proceed to judgment.

COOLEY and MARSTON, JJ. concurred.