PEOPLE *v.* HAWKS.

1. CRIMINAL LAW—INDORSEMENT OF WITNESS ON INFORMATION AT TRIAL.

> In a prosecution for larceny, the granting of a motion indorsing upon the information the name of a witness on the day the trial started, 12 days' notice of such motion having been served upon defendant, and there being no claim of surprise, or that more time was needed, and no motion made for a continuance, *held*, not prejudicial error.

2. SAME—TRIAL—INSTRUCTIONS—ABSENCE OF COUNSEL.

> Where, at the opening of the term, and before any cases were tried, the trial judge instructed the jury generally upon their duties as jurors, and, upon the trial of defendant, the court referred to these instructions, an objection that there is no precedent for such procedure, and that a charge to the jury as to their duties, made in the absence of counsel for defendant, is prejudicial error, *held*, without merit, nothing specific in the general instructions being pointed out.

3. SAME—ACCOMPLICE, LETTER FROM—ADMISSIBILITY.

> While a letter from an accomplice to the judge, signifying his willingness to tell the truth about the stealing, was clearly incompetent, where witness otherwise testified to what was stated in the letter, its admission on cross-examination, *held*, not prejudicial error.

4. SAME—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

> Where the court in his instructions safeguarded the constitutional rights of defendant, and clearly submitted the issues presented, with proper instructions, it was not prejudicial error to refuse specific requests.

5. SAME—MISCARRIAGE OF JUSTICE.

> Where it is not affirmatively made to appear that the trial resulted in a miscarriage of justice, the conviction will be affirmed.

Error to Cass; Des Voignes, J. Submitted April 18, 1919. (Docket No. 120.) Decided May 29, 1919.

Lewis Hawks was convicted of larceny, and sentenced to imprisonment for not less than 2½ nor more than 5 years in the State prison at Jackson. Affirmed.

*Clarence M. Lyle* and *W. J. Barnard,* for appellant.

*Carl D. Mosier,* Prosecuting Attorney, and *Asa K. Hayden,* Assistant Prosecuting Attorney, for the people.

KUHN, J. Respondent was tried and convicted of the charge of larceny of certain cattle. The case was brought here by writ of error. On the day that the trial started, before the jury was sworn, the prosecutor made a motion to indorse upon the information the name of one Raymond Stewart. It appears, furthermore, from the statement of the prosecuting attorney, which is not questioned, that notice of the intention to make this indorsement was served upon the attorney for the respondent 12 days before the motion was made. It is urged that it was error to allow the indorsement to be made under these circumstances. No claim was made by the counsel for the respondent that he was surprised or needed more time, nor was a motion made for a continuance. We are of the opinion that there was no prejudicial error in allowing the name to be indorsed upon the information under these circumstances. See *People* v. *Bollman,* 178 Mich. 159; 3 Comp. Laws 1915, § 15761.

At the opening of the term, and before any cases were tried, the trial judge instructed the jury generally upon their duties as jurors. It appears that upon the trial of the respondent the court referred to these instructions. It is urged that there is no precedent for such a procedure and that a charge to the jury as to their duties made in the absence of counsel for respondent is prejudicial error. Nothing is pointed out specifically to us in the general instructions

which is claimed to be prejudicial. A careful reading of these general instructions is convincing that what the court said to the jury at the time was proper and was helpful to them in the duties which they were about to enter upon as jurors in the trial of the various cases which might be brought before them. Nothing having been brought to our attention which shows that the rights of the respondent were in any way prejudiced, we conclude that there is no merit in this contention of respondent's counsel.

The assignment of error which is urged most strongly relates to the introduction of a letter, known in the record as Exhibit B. While Raymond Stewart, who, it is alleged, was an accomplice of the respondent in the commission of the crime charged, and who had turned State's evidence, was on the witness stand and was being cross-examined by counsel for the respondent, the following examination was had:

"*Q.* Had you any signal with Mr. Cooper as to what you should do when you would have stolen stuff to deliver to him?

"*A.* No, sir. I do not remember who I first told Lewis Hawks and I stole Mr. James' cattle. I do not know who I first told I was guilty of this offense.

"*Q.* Now, whom did you first tell that you were guilty of this offense?

"*A.* I don't know.

"*Q.* Haven't you got any recollection? Is it so immaterial in your mind that you can't tell whom you confessed the crime to?

"*The Court:* Witness, you may take that letter, if you want to, in response to the question (presenting letter to witness).

"*A.* The 24th of November, I first told that I was guilty of stealing those cattle.

"*Q.* Did you do that by writing or did you do it verbally to somebody?

"*A.* It was written in this letter.

"*Q.* Who was the next one that you told?

"*A.* I don't know as I have told any one since.

"*Q.* Have you got any objection to my looking at that letter?

"*The Court:* No, he may see that. That is a letter addressed to the judge by the prisoner. I had not written you—you sent that of your own accord to me, didn't you?

"*A.* Yes, sir; I did. * * *

"*The Court:* Now, gentlemen, it appears on the record that that is a letter written to this court, and in justice to the court, you having brought it up as a matter of defense, I rule that it should be marked Exhibit B in this case.

"*Mr. Barnard:* Well, we object to it.

"*The Court:* Well, I can't help it. You asked the witness the question whether he had communicated with any one, and asked him how and in what manner, and the record is there. This court has a right, in view of the record that you have there, and the questions you have asked, to have the letter go in for what it may be worth. It shows that this court had no communication whatever with him.

"*Mr. Barnard:* We don't claim it. I object to it on the ground it would be a self-serving declaration.

"*The Court:* Well, I am going to let it in. When the court receives a letter from parties that way, and you bring it in that way, the court has a right for his own self-protection and the interests of justice, I think, to have that letter made a part of the record.

"*Mr. Barnard:* The record shows that the court handed this witness the letter before he was interrogated about it.

"*The Court:* No, you asked him, the record shows, if he had communicated with anybody, either orally or in writing; that question is there. And then I handed the witness, in justice to himself, the letter; he had a right to that if he wanted to use it. Now, you having done that, you have the benefit of it. It is only for the purpose—the court has the right, where a letter came to him in that way—the court was not seeking this witness or anything of the kind.

"*Mr. Barnard:* We take an exception to the introduction of it, as not being offered by the defense.

"*Mr. Hayden:* Well, it is going to be offered.

"The court has already admitted it.

"*Mr. Barnard:* We put it on the record that it is incompetent, irrelevant and immaterial and self-serving and prejudicial and preserve an exception to it.

"*The Court:* I permit it to go in in view of the cross-examination. There has been a great many questions asked whether or not there had not been parties since that, or something of that kind, and the letter speaks for itself as to whether the court had ever written him or said a word to him about it. And that is why I think it should go in the record. It may go in and you may read it to the jury."

Exhibit B read as follows:

"JACKSON, MICH., 11-24, 1918.

"Mr. L. B. Des Voïgnes,

"*Dear Sir:* At the time of my arrest it was my desire to plead guilty of taking the James cattle, but if I did it would implicate another, so I did not, but I have thought it over and would like to tell you the truth about it know if you would cair to know.

"Yours with respect,
"RAYMOND STEWART,
"11959 of George E. Bigge,
"Jackson, Mich."

The letter, in itself, was clearly incompetent evidence. The criticism of the action of the court in suggesting to the witness in the midst of the cross-examination the 'fact of the letter could easily have been removed by the court by referring the letter to counsel instead of interrupting the cross-examination of the witness. The record, however, discloses that what was stated in the letter was otherwise testified to by the witness, so that we are not impressed that the action of the court in admitting the exhibit can be said to have been such error as to make it affirmatively appear that the rights of the respondent were thereby prejudiced.

We have examined the other assignments of error with reference to the admission and rejection of testimony and are of the opinion that none of them war-

rant a reversal of the case. Considerable complaint is made of the charge of the court and of the failure of the court to give certain requests to charge. We have examined the charge and are satisfied that the charge safeguarded the constitutional rights of the respondent and, when read in its entirety, clearly submitted the issue presented with proper instructions with reference thereto.

Not being satisfied that it was affirmatively made to appear that the trial resulted in a miscarriage of justice, we are constrained to affirm the conviction.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.