PETERSON *v.* OCEANA CIRCUIT JUDGE.

1. ARSON—PROOF REQUIRED TO SHOW CORPUS DELICTI—MAY BE SHOWN BY CIRCUMSTANTIAL EVIDENCE.

In cases of arson, proof of the *corpus delicti* requires the showing, not only that the building was burned, but that the fire was intentionally or wilfully set, and this proof may be made by circumstantial evidence; neither the drawing of reasonable inferences nor the weighing of probabilities being forbidden.

2. CRIMINAL LAW — ARSON — PRELIMINARY EXAMINATION — SUFFI-
CIENCY OF EVIDENCE.
    Where, at the preliminary examination of accused, charged
      with arson, in addition to his confession, there was testi-
      mony that, on the night of the fire, he aroused a store-
      keeper, purchased a gallon of gasoline and started in the
      direction of the building which was burned, about three-
      quarters of a mile away; that about 40 minutes later the
      building was discovered on fire; that the fire, although
      confined to a small area on the floor, had in 15 minutes
      burned through the roof, indicating the probability that
      the walls had been treated with a chemical, such as gaso-
      line; that the doors were open, suggesting a hasty exit;
      and that he had a financial interest in the destruction of
      the building, the magistrate was justified in holding him
      for trial.

Mandamus by Angus Peterson to compel Joseph
Barton, circuit judge of Oceana county, to grant a
motion to discharge plaintiff, charged with arson.
Submitted January 31, 1928; resubmitted March 27,
1928.   (Calendar No. 33,445.)   Writ denied June 22,
1928.

*William J. Branstrom* and *Earl C. Pugsley,* for plain-
tiff.

*William W. Potter,* Attorney General, *Henry J.
Horrigan,* Assistant Attorney General, *Frank Bagley,*
Prosecuting Attorney, and *F. E. Wetmore,* for defend-
ant.

FEAD, C. J.   On September 7, 1927, the plaintiff
was bound over for trial in the circuit court for
Oceana county upon a charge that, on March 22, 1927,
he had set fire to and burned a house belonging to
himself, with intent to injure an insurance company
which had a fire policy then in force upon the building.
At the examination before the magistrate, over ob-
jections by his counsel, evidence of both verbal and

written confessions of plaintiff that he had set the fire was introduced.   Plaintiff made a motion to the circuit court of Oceana county to dismiss the complaint, warrant, and all proceedings had in the cause and to discharge the plaintiff on the ground that the *corpus delicti* had not been established at the examination by proper evidence.   The motion having been denied, a writ of mandamus is here sought to require the circuit judge to grant the motion to discharge the plaintiff.

The question is whether there was sufficient evidence before the magistrate to establish the *corpus delicti, aliunde* the confessions of plaintiff.   Counsel for plaintiff cite as controlling *People* v. *Kirby,* 223 Mich. 440, and *People* v. *Lee,* 231 Mich. 607.

In cases of arson, proof of the *corpus delicti* requires the showing, not only that the building was burned, but that the fire was intentionally or wilfully set.   This proof may be made by circumstantial evidence, and the cited authorities forbid neither the drawing of reasonable inferences nor the weighing of probabilities.

Excluding the confessions of plaintiff, the evidence taken on the examination was brief.   The building burned was a farm house.   The policy of fire insurance, covering the house, furniture, implements, and a barn, was written in September, 1925.   The barn burned in December, 1925, and, on the same day, plaintiff moved to another farm in the neighborhood. A tenant occupied the house until December, 1926. The building was vacant thereafter, but some of plaintiff's furniture remained in the house.   On March 22, 1927, about 8:30 p. m., plaintiff appeared at Mears, after the store had closed, aroused the storekeeper and purchased a gallon of gasoline.   From Mears, two roads led towards plaintiff's home, which was north and west of Mears.   The west road was much the better way to travel.   On the north road, about a half mile from Mears, was a corner.   The premises at

bar were a quarter of a mile east of this corner. Plaintiff left the store, driving north.

The fire was discovered about 9:10 at night by a neighbor who lived over a mile away. He immediately drove to the scene, first attempted to awaken the farmer across the road and a little distance off, and then went to the house. He used about 15 minutes in reaching the house after his first sight of the fire. When he arrived at the house the flames were breaking through the roof. He discovered that a door, leading from the outside into a milkroom, and the door from the milkroom into the kitchen, were open. The fire was in the southwest corner of the kitchen. Another neighbor arrived immediately thereafter and gave similar testimony of the conditions. Neither saw anything which would indicate the cause of the fire.

The circumstances, *dehors* the confessions, raise a probability that the fire was caused by human intervention, amply sufficient to warrant the submission of the cause to a jury. The season of the year and the long vacancy of the building negative inferences of the ordinary accidental causes of the elements and of carelessness in keeping the home fires burning, and the open doors persistently suggest a human culprit, escaping in a hurry. The character of the fire, its burning upward through the roof while confined to a small area in the corner on the floor, also offers a fair argument of probability that the walls had been treated to a chemical, such as gasoline, which drew the flames together under the strong draft of intense heat. Plaintiff's purchase of gasoline, and his immediate departure towards the premises shortly before the fire, combined with a financial interest in the destruction of the house, show the opportunity and furnish a reason for his burning the building. Upon the record, there is no innocent cause of the fire suggested by the circumstances. The magistrate was

justified in admitting plaintiff's confession in evidence and in holding him for trial.

The petition for writ of mandamus is denied, without costs.

NORTH, FELLOWS, WIEST, and SHARPE, JJ., concurred.   CLARK and MCDONALD, JJ., concurred in the result.   POTTER, J., did not sit.