## PEOPLE v. KOWALEK.

1. CRIMINAL LAW—QUESTIONS REVIEWABLE—LARCENY BY CONVERSION.

In prosecution for larceny by conversion in which accused took stand in her own behalf and testified that the complaining witness never gave her any money, on appeal she may not advance theory that the money was given to her since Supreme Court will not consider questions not raised in the trial of the case.

2. SAME—INSTRUCTIONS PRESUMED CORRECT—RECORD.

The Supreme Court will presume that instructions given a jury in a criminal case were correct where record on appeal does not show what they were.

3. INDICTMENT AND INFORMATION—MOTION TO QUASH—WAIVER.

Failure of accused to call court's attention to motion to quash information and request decision thereon constituted a waiver thereof and did not entitle accused to a new trial on the ground the motion to quash was not disposed of before trial.

4. CRIMINAL LAW—VERDICT—EVIDENCE.

A verdict based on conflicting evidence will not be disturbed on appeal.

5. SAME—JURY—WEIGHT OF EVIDENCE.

A jury is the sole judge of the weight to be given to the testimony.

6. EMBEZZLEMENT—SAFETY DEPOSIT BOX IN JOINT NAMES.

Evidence sustained conviction of larceny by conversion on ground that complaining witness gave defendant money to put into safety deposit box which had been rented in their joint names and did not do so (Act No. 328, § 362, Pub. Acts 1931).

7. SAME—EVIDENCE—HOUSEKEEPER—LARCENY BY CONVERSION.

In prosecution of housekeeper of complaining witness for larceny by conversion, exhibits consisting of application by complaining witness to open a postal savings account, record of deposits and withdrawals, receipt for renting a safety deposit box, and legal papers showing name signed by defendant were admissible to show complaining witness had the money claimed and the means by which he intended to secure future deposits.

8. SAME—EVIDENCE—MARRIAGE LICENSE.

In prosecution for larceny by conversion, application for marriage license was properly admitted to show scheme employed by defendant to get money from the complaining witness for whom she had acted as a housekeeper.

9. CRIMINAL LAW—EVIDENCE—ACCUSED AS WITNESS IN OWN BEHALF.

Admission of exhibits because of evidence given by defendant when she was a witness in her own behalf in prosecution for larceny by conversion was not error.

10. SAME—SAVING QUESTION FOR REVIEW—OBJECTIONS—REQUEST TO CHARGE—CONDUCT OF PROSECUTING ATTORNEY.

An accused is not entitled to a new trial because of certain statements made and questions asked by the prosecuting attorney during trial where no objection was made thereto and court was not requested to charge or caution the jury with respect thereto.

Appeal from Wexford; Lamb (Fred S.), J. Submitted January 16, 1941. (Docket No. 114, Calendar No. 41,056.) Decided March 11, 1941.

Helen Kowalek (Kovarik) was convicted of larceny by conversion. Affirmed.

*Charles W. Gore,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Jack W. Korn,* Prosecuting Attorney, for the people.

SHARPE, C. J. Defendant was charged, tried and convicted of larceny by conversion as defined by Act No. 328, § 362, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–362, Stat. Ann. § 28.594).

It appears that sometime in October, 1936, Mike Fortelka, the complaining witness, answered an advertisement in a Bohemian newspaper resulting in defendant coming to Fortelka's farm to act as his housekeeper. She remained there for about a week and then went away for a few days. Upon her return, she asked Fortelka how much money he had and was informed that he had $150 in cash and $300 in postal savings certificates. About this time there was some talk of marriage. Mike Fortelka cashed his postal savings certificates; and he and defendant went to the Cadillac State Bank where they rented a safety deposit box under joint names and with two keys. It is the claim of Mike Fortelka that defendant took the money to put into the box. The parties went home and put the two keys in the cupboard. The next morning defendant left the house of Mike Fortelka. A short time later Fortelka went to the bank, opened up the box and found it empty. The defendant admits the above facts except that Mike Fortelka did not give her any money to place in the safety deposit box.

Defendant appeals and contends that the prosecution failed to offer competent testimony to sustain the charge in the information; that the verdict was against the weight of the evidence; that the testimony offered by the people shows that the complaining witness gave the money to defendant; that the court erred in defining the crime of larceny by conversion; that the court erred in denying defendant's motion to quash the information; and that a new trial should be granted because of prejudicial remarks of the prosecuting attorney.

When the cause was being tried, defendant took the stand in her own behalf and testified that the complaining witness never gave her any money. The theory now advanced that the money *was given* to her was not presented to the trial court. We have repeatedly held that questions not raised in the trial of the case will not be considered by our court. See *People* v. *Hassell,* 208 Mich. 236; *People* v. *England,* 221 Mich. 607. Nor can we devote much space to the claim that the trial court erred in defining the crime of larceny by conversion. The record fails to show any of the instructions given by the trial judge. In their absence, we must presume that correct instructions were given to the jury.

It is next urged that defendant's motion to quash the information should have been disposed of before the trial of the cause. It appears that the motion was on file in the circuit court and regularly noticed for hearing on November 27, 1939, at 1:30 p.m. We do not find in the proceedings that counsel for defendant called the court's attention to the motion or urged him to pass upon it. His failure to present this question to the trial court and ask for a decision thereon will be deemed as a waiver of the motion and may not now be used as a means of securing a new trial.

It is also urged that the verdict was against the weight of the evidence. In our examination of the record, we are satisfied that there was evidence from which a jury could find defendant guilty. It is true that there was a conflict in the evidence, but as we said in *People* v. *Beath,* 277 Mich. 473, 482: ''We are not unmindful of the rule that a *verdict* based on conflicting evidence will not be disturbed on appeal.'' We also have in mind that a jury is the sole judge of the weight to be given to the testimony.

It is next urged that the court was in error in permitting certain exhibits to be introduced in evidence. The record shows that the exhibits were: an application of Mike Fortelka to open a postal savings account; a record of deposits and withdrawals; a receipt for the renting of a safety deposit box; and certain legal papers as well as a promissory note and mortgage which it is claimed showed the name ''Francis Doman'' was signed by the defendant. In our opinion there was no prejudicial error in permitting the exhibits to be shown to the jury. Some of the exhibits such as the postal savings account and the receipt for the safety deposit box were a part of the prosecution's case to show that the complaining witness had the money he claimed and the means by which he intended to secure future deposits. The application for a marriage license was properly admitted as it tended to show the scheme employed by defendant to gain her ends. The other exhibits were largely brought about because of the evidence given by defendant when she was a witness in her own behalf.

Defendant next urges that she is entitled to a new trial because of certain statements made and questions asked by the prosecuting attorney during the trial of the case. In *Curth* v. *New York Life Ins. Co.,* 274 Mich. 513, we held that in order to base

error upon a claim of improper argument there should not only be an objection, but the court should be requested to charge or caution the jury. Such a request was not made in the instant case. Nor does this case come within the exception to the above rule as we held in *Steudle* v. *Yellow & Checker Cab & Transfer Co.*, 287 Mich. 1.

The case was fairly tried and the judgment is affirmed.

BUSHNELL, BOYLES, CHANDLER, NORTH, McAL-LISTER, WIEST, and BUTZEL, JJ., concurred.