PEOPLE *v.* LAMBATH.

1. CRIMINAL LAW—EXPERT'S OPINION EVIDENCE—HANDWRITING.

In prosecution for breaking and entering a dwelling in the daytime, with intent to commit larceny therein, and of larceny from a dwelling, in which prosecution claimed defendant obtained personal property, including a fur coat, and disposed of it at a pawn shop where he signed a pawn ticket in presence of pawn shop clerk who identified pawn ticket as having been signed by defendant, it was not error to permit handwriting expert to express opinion that documents found in defendant's possession at time of his arrest were written by the same person as had signed pawn ticket without having positively established that such documents were in defendant's handwriting.

2. SAME—HANDWRITING EXPERT'S OPINION TESTIMONY—WEIGHT A QUESTION FOR JURY.

After introduction of testimony positively identifying handwriting of defendant on pawn ticket in prosecution for breaking and entering a dwelling in the daytime, with intent to commit larceny therein, and of larceny from a dwelling, in which prosecution claimed defendant obtained personal property, including a fur coat, and disposed of them at a pawn shop, it was a question for jury to determine as to weight to be given to testimony of a handwriting expert that documents found in possession of defendant at the time of his arrest were written by the same person who signed the pawn ticket.

3. SAME—ASSUMED NAMES—READING OF STATUTE TO JURY—PREJUDICE—RECORD.

In prosecution for breaking and entering a dwelling in the daytime, with intent to commit larceny therein, and of larceny from a dwelling, in which prosecution claimed defendant obtained personal property, including a fur coat, and disposed of it at a pawn shop where he signed a pawn ticket under an assumed name, permitting prosecuting attorney to read from statutes relative to the proper manner by which people might change their names, although improper, did not result in prejudicial error under the record presented.

Appeal from Recorder's Court of Detroit; Murphy (George), J. Submitted January 16, 1941. (Docket No. 117, Calendar No. 41,253.) Decided April 8, 1941.

Ralph Lambath was convicted of breaking and entering a dwelling in the daytime with intent to commit larceny therein, and of larceny from a dwelling. Affirmed.

*James A. Demoplos* (*A. Lewis Feinberg,* of counsel), for appellant.

*Herbert J. Rushton,* Attorney General, *William E. Dowling,* Prosecuting Attorney, and *Ralph E. Helper,* Assistant Prosecuting Attorney, for the people.

CHANDLER, J. Defendant was convicted and sentenced for the crimes of breaking and entering a dwelling in the daytime, with intent to commit larceny therein, and of larceny from a dwelling, and prosecutes this appeal from such conviction.

It was claimed by the prosecution that he obtained certain articles of personal property, including a fur coat, from the dwelling in question, later disposing of them at a pawn shop in the city of Detroit.

One of the witnesses, a clerk in the pawn shop, testified that the pawn ticket, exhibit 3, was signed by defendant in his presence and that defendant signed the name "Ed Barrows" thereto. Thereafter, Francis B. Courtney, a handwriting expert, was permitted to testify that the handwriting on certain documents, exhibit 6, found in a brief case in defendant's possession at the time of his arrest, was, in his opinion, written by the same person who wrote the signature "Ed Barrows" on exhibit 3.

Defendant claims that it was error to permit the witness so to testify without first requiring proof that the handwriting on exhibit 6 was that of the defendant. Although the testimony is somewhat confusing, it appears certain that the point at issue was whether the same person who wrote exhibit 6 signed the pawn ticket, exhibit 3. If so, this would tend to implicate defendant who had been identified as the person who signed "Ed Barrows" to the pawn ticket.

It was not necessary to prove that exhibit 6 was in the handwriting of defendant before it could be properly compared with the signature on exhibit 3. The signature on the latter exhibit had been positively established as the handwriting of defendant, although he had assumed another name in signing the ticket. This exhibit, in evidence, could then be used as a basis for comparison to determine if exhibit 6 was in the same handwriting, and it was not error to permit the expert so to express an opinion. *Vinton* v. *Peck,* 14 Mich. 287; *First Nat'l Bank of Houghton* v. *Robert,* 41 Mich. 709. See, also, *People* v. *Parker,* 67 Mich. 222 (11 Am. St. Rep. 578); *People* v. *Hutchings,* 137 Mich. 527.

It is claimed that the court erred in giving the following instruction to the jury.

"I received certain exhibits in evidence which were found in the car after the defendant's arrest, including a brief case in which there was some handwriting. I didn't receive the handwriting as positive proof of the defendant's handwriting. That is a matter of fact for you to decide if that was his handwriting."

Defendant contends that it was for the court, not the jury, to determine if exhibit 6 was in defendant's handwriting. The fallacy of the argument lies in the fact that exhibit 6 was being compared with

exhibit 3, the established handwriting of defendant. It was for the jury to determine the weight to be given the opinion testimony of the expert that exhibit 6 was written by the same person who wrote exhibit 3. *Vinton* v. *Peck, supra; People* v. *Gale,* 50 Mich. 237; *People* v. *Parker, supra; Domzalski* v. *Jozefiak,* 257 Mich. 273.

Error is also claimed because the prosecutor was permitted, over objection, to read from the statutes provisions relative to the proper manner by which people might change their names. While we are of the opinion that this was improper, an examination of the record is convincing that defendant was not prejudiced thereby and thus no error resulted.

The conviction is affirmed.

Sharpe, C. J., and Bushnell, North, McAllister, and Butzel, JJ., concurred with Chandler, J.

Wiest, J. (*concurring*). I concur in the affirmance but do not join in holding the mentioned exhibits admissible as a basis for opinion evidence by the handwriting expert as to the identity of defendant as the writer.

An examination of the record does not disclose any specific objection requiring an opinion on such question.

Boyles, J., concurred with Wiest, J.