PEOPLE *v.* COOPER.
ON REHEARING.

1. CRIMINAL LAW—NEW TRIAL—FINDING—WRONG REASON FOR RIGHT RESULT—EVIDENCE.

Trial court's denial of motion for a new trial in common-law conspiracy to corrupt the State legislature by bribery, based on finding that verdict was not against the great weight of the evidence, is not disturbed even though a wrong reason was given, where the result reached was correct, the record showing that proofs were sufficient to justify the verdict as to guilt of appellant beyond a reasonable doubt.

2. NEW TRIAL—DISCRETION OF COURT.

The granting of a new trial rests largely in the sound discretion of the trial court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, §§ 829, 1151.
[2] 3 Am Jur, Appeal and Error, §§ 981, 1151.
[3] 3 Am Jur, Appeal and Error, § 1041.
[4] 14 Am Jur, Courts, § 59 *et seq.*
[5] 3 Am Jur, Appeal and Error, § 1003; 8 Am Jur, Bribery, § 16; 11 Am Jur, Conspiracy, § 4 *et seq.*

3. CONSPIRACY—INTENT—EVIDENCE.

Reversible error was not made in trial of 5 finance company executives and 17 legislators on charge of common-law conspiracy to corrupt the State legislature by bribery because of admission into evidence of a bill regulating the business of making small loans, where the charge of conspiracy as to such bill was withdrawn from the information at the outset of the trial, the special prosecutor stated it was introduced solely to show certain procedures, for no other purpose and that it was not claimed bribes related to any bills other than those remaining in the information and which pertained to deficiencies in foreclosure of chattel mortgages and to the making of retail instalment sales contracts and trial judge repeatedly advised jury to treat the questioned bill as evidence of intent only.

4. SAME—STANDARD OF PREJUDICE.

The practice of judging prejudice as to one of the defendants in a conspiracy case according to the standard adopted in a companion case is not necessarily objectionable where the objections apply to such other defendants.

5. CRIMINAL LAW—MISCARRIAGE OF JUSTICE.

Examination of record on appeal in prosecution of 5 finance company executives and 17 legislators for conspiracy to corrupt the legislature by bribery *held*, not to have disclosed that errors complained of whether taken singly or in the aggregate and in their cumulative effect have resulted in a miscarriage of justice (CL 1948, § 769.26).

REID and BUSHNELL, JJ., dissenting.

Appeal from Ingham; Simpson (John), J., presiding. Submitted May 19, 1949. (Docket No. 67, Calendar No. 42,921.) Decided January 9, 1950. Submitted on rehearing April 14, 1950. Decided on rehearing June 27, 1950. Rehearing denied September 11, 1950.

Abraham Cooper and others were convicted of conspiracy to corrupt the legislature of the State of Michigan by bribery. Affirmed.

*Stephen J. Roth*, Attorney General, *Edmund E. Shepherd*, Solicitor General, *Daniel J. O'Hara*, As-

sistant Attorney General, and *Richard B. Foster,*
Special Assistant Prosecuting Attorney, for the
people.

*Chris M. Youngjohn, Isadore Levin, Henry H.
Sills* and *Butzel, Levin, Winston, Youngjohn & Quint
(George E. Brand,* of counsel), for appellant Cooper.

## ON REHEARING.

BOYLES, C. J.   This appellant is one of the defend-
ants charged with conspiracy to corrupt the legisla-
ture and its members, whose conviction was affirmed
by this Court. *People* v. *Cooper,* 326 Mich. 514.   We
granted rehearing and oral argument, and in the
brief filed on the rehearing Cooper raises certain
questions which he claims are additional grounds
for reversal.   They will be referred to.

After conviction and sentence Cooper filed a mo-
tion for a new trial, setting up various grounds there-
for, one of which was that the verdict of the jury was
"contrary to the great weight of the evidence."   This
was the No 1 question originally raised by this ap-
pellant on the appeal here, and the proofs as they
applied to Cooper were discussed in the Court's
former opinion in the case.   Cooper now seeks re-
versal on the ground that the trial court, in effect,
refused to pass upon that question, and relies on the
reference made by the trial court to *People* v.
*Howard,* 50 Mich 239, and other cases.   Those deci-
sions, together with other more recent ones which
might be cited, indicate the difference in the
phraseology used by members of the Court at various
times, in passing on the question whether verdicts
are against the great weight of the evidence.   In the
instant case the ultimate fact remains that the trial
court, in denying Cooper's motion for a new trial,
decided that the verdict was not against the great

weight of the evidence. With that, we concur. A correct result may be reached and affirmed, although based on a wrong reason; and the granting of a new trial rests largely in the sound discretion of the trial court. *People* v. *Moshier,* 306 Mich 714; *People* v. *Lowenstein,* 309 Mich 94. Furthermore, in accordance with the correct rule, we consider that the proofs were sufficient to justify the verdict of the jury as to the guilt of this defendant, beyond a reasonable doubt.

Defendant renews the claim that the court erred in allowing any testimony to be received which referred to Senate Bill No 41, and claims that we considered the case as if Cooper had been accused of having conspired to bribe with reference to said Senate Bill No 41. Such was not our intention, nor does a fair reading of the opinion sustain the claim.

It was repeatedly made apparent to the jury during the trial, and by the charge to the jury, that Cooper could not be convicted of conspiracy based on Senate Bill No 41. At the outset of the trial, it was withdrawn from the charge in the information. Early in the trial, the special prosecutor stated before the jury that Senate Bill No 41 was introduced solely to show certain procedures, for no other purpose, and not claimed that any payment was made on any bills other than Senate Bills Nos 85 and 166. The court ruled early in the trial, and subsequently repeated:

"The jury understands that Senate Bill No 41 is only for the purpose of explaining or showing the motive or intent in regard to this legislative session as it was, and the acquaintance of these finance company defendants with Mr. Hemans."

Finally, the court charged the jury:

"I further charge you that during the trial certain evidence was allowed pertaining to Senate Bill

No 41 and various other bills introduced in the legislature that the people claim affected the finance .companies.   These bills were only admitted by way of explanation as to the conduct of the finance defendants, and to show probable motive and intent, and not to show that they were guilty of a conspiracy as to Senate Bill No 41, or the other bills that affected them, other than the two bills charged in the information—Senate Bill No 85 and Senate Bill No 166."

Defendant also renews the claim for reversal based on the conduct of the prosecution during the trial and in the argument.   Much has already been said by this Court on that claim.   On further review of the record and the claims of error in that regard, we conclude that it would be of little benefit to point out and comment upon each instance referred to.   At the trial, the 22 defendants were represented by 15 attorneys.   Generally, the objections made by counsel, the argument and rulings thereon, and the comments by various counsel and by the prosecutor, were directed to all of the defendants and not specially to Cooper   We do not agree with counsel for Cooper, that the practice of judging prejudice as to one of the defendants in a conspiracy case, "according to the standard adopted in another case" · (*e.g.*, the *Hancock* and *Omacht Cases*), is objectionable. Where the objection apply to other defendants who have chosen to file separate briefs, comment as to one may properly be referred to as applied to others.

Finally, counsel in this case claim that "whether singly or in the aggregate and in their cumulative effect," the errors complained of should result in reversal.   With that claim in mind, we have again reviewed appellant's claims of reversible error.

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this State in any criminal case,   *   *   *   unless in the

opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." CL 1948, § 769.26 (Stat Ann § 28.1096).

It does not affirmatively appear that the errors complained of have resulted in a miscarriage of justice.

Affirmed.

NORTH and SHARPE, JJ., concurred with BOYLES, C. J.

BUSHNELL, J. (*dissenting*). For the reasons stated in *People* v. *Omacht, ante,* 145, I am unable to agree with the conclusions reached by Mr. Chief Justice BOYLES.

The conviction should be set aside and a new trial should be granted.

REID, J., concurred with BUSHNELL, J.

DETHMERS, BUTZEL, and CARR, JJ., did not sit.