MELE *v.* BECKER.

1. TRIAL—JURY—PANEL—INDOCTRINATION LECTURE.
   Indoctrination lectures to jury panel by a presiding judge must not include suggestions or statements which are likely to influence the decisions of the jurors when they are called upon later to sit in a given case, and should avoid misstatements of the law, remarks disparaging any defenses which may be made in cases to be tried, and references to particular cases which might come before the jurors or to cases theretofore heard.

2. SAME—PANEL—PRELIMINARY REMARKS—PREJUDICE.
   Party seeking to overturn a decision of a trial court merely on the basis of some erroneous statement made by the presiding judge in his preliminary remarks to the jury panel, must prove that such remarks result prejudicially to him.

3. SAME—INTRODUCTORY REMARKS—PREJUDICE.
   Introductory remarks by presiding judge to jury panel are not objectionable *per se*, but rather some prejudice must be proved by the complaining party, as no litigant has a right, constitutional or otherwise, to have his case tried before ignorant jurors.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3, 5-7]  53 Am Jur, Trial §§ 76, 77.
   Indoctrination by court of persons summoned for jury service. 89 ALR2d 197.
[4]  53 Am Jur, Trial § 899.

4. SAME—INSTRUCTIONS—CONDUCT OF JURORS.

A judge may properly warn jurors not to discuss cases which may come before them for decision, and caution them against indiscreet conduct or behavior that might affect their competency to sit and fairly decide the matters submitted to them for decision.

5. SAME—INDOCTRINATION LECTURE—FAIR AND IMPARTIAL JURY.

Remarks by presiding judge during indoctrination lecture that good cases are settled and difficult cases go to trial *held*, not, prejudicial to cause of plaintiff so as to deprive him of a fair and impartial trial before a fair and impartial jury.

6. SAME—INDOCTRINATION LECTURE BY PRESIDING JUDGE—PREJUDICE.

Statement by presiding judge in his indoctrination lecture to jury panel that in civil cases the good ones are settled and the difficult ones go to trial, though it would have been better left unsaid, *held*, not so prejudicial to plaintiff, on its face, as to be sufficient to be reversible error, where jury was out for 10 hours before returning a verdict of no cause for action in automobile accident case heard by another judge.

7. SAME—INDOCTRINATION LECTURE—RECORD.

The commendable practice of instructing prospective jurors with regard to their new duties should be recorded stenographically so that such preliminary instructions can be part of the record upon which error can be assigned.

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 April 6, 1965, at Lansing. (Docket No. 136.) Decided May 17, 1965.

Declaration by Dominic Mele against Phillip Becker, Sr., and Phillip Becker, Jr., for injuries arising out of an automobile accident. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Joseph & Joseph (Joseph R. Joseph,* of counsel), for plaintiff.

*Brownell, Gault, & Williams (Douglas M. Philpott,* of counsel), for defendants.

Burns, J. In this cause, plaintiff appeals a jury verdict of no cause of action. He claims that he was prejudiced by certain remarks of a presiding judge to a jury panel as part of a general indoctrination on the court system and on the role of the jurors.

The February term jury panel reported to the presiding judge for an indoctrination lecture prior to reporting to any courtroom for jury duty. During the course of the lecture, the judge stated that in civil cases, the good cases are settled and the difficult ones go to trial.

The same day the plaintiff's case was heard by a jury but before a different judge. The jury was out for 10 hours and returned a verdict of no cause of action. Plaintiff claims that the aforementioned remark by the presiding judge, not the trial judge, prejudiced his cause.

The remarks of the presiding judge were not stenographically recorded, but the fact of their utterance was brought out in voir dire examinations of causes heard subsequent to the plaintiff's case.

The only question for consideration by this Court is whether the remark of the presiding judge to the jury panel in an indoctrination lecture to the effect that in civil cases the good cases are settled and the difficult ones go to trial, sufficiently prejudiced the cause of the plaintiff in this action so as to deprive him of a fair and impartial trial before a fair and impartial jury.

It seems to be the current practice for presiding judges to give a "fireside chat" to the prospective jurors before they are impaneled to attempt to acquaint them with their duties and responsibilities in this unfamiliar task. This initiation of a jury panel at the beginning of each term was once frowned upon by the courts but today has generally been accepted, whether the remarks are made ex-

temporaneously by the judge or whether they are given to the jurors in the form of a pamphlet. *Peo-ple* v. *Fisher* (1930), 340 Ill 216 (172 NE 743); *People* v. *Cowan* (1941), 44 Cal App 2d 155 (112 P2d 62); *Gordon* v. *Farmer City Cheese Company* (1961), 32 Ill App 2d 85 (177 NE2d 18).

But there are certain guidelines that must be followed by the judge in carrying on this indoctrination. He must not make suggestions or statements which are likely to influence the decision of the jurors when they are called upon later to sit in a given case. Further, he should avoid misstatements of the law, remarks disparaging any defenses which may be made in cases to be tried, and also any references to particular cases which might come before the jurors. Annotation, 89 ALR2d 197, 234 (1963). Such acts on his part will be found to be reversible error by most appellate courts. *Gross* v. *Commonwealth* (Ky 1953), 256 SW2d 366.

It must be kept in mind that the making of these introductory remarks *in themselves* is not objectionable.

"No litigant has a right, constitutional or otherwise, to have his case tried before ignorant jurors. To acquaint the juror with his duties and responsibilities in a new environment and to increase his understanding of the processes of a trial can hardly be objectionable in itself." *People* v. *Izzo* (1958), 14 Ill 2d 203, 209 (151 NE2d 329, 333, 89 ALR2d 187).

Appellate courts have not seen fit to overturn a decision of a trial court merely on the basis of some erroneous statement made by the presiding judge in his preliminary remarks. Rather, these courts have found that *some prejudice must be proved* by the complaining party because of these remarks. *State* v. *Miller* (1913), 90 Kan 230 (133 P 878);

*People* v. *Hawks* (1919), 206 Mich 233; *People* v. *Brown* (1927), 240 Mich 59; *People* v. *Fisher* (1930), 340 Ill 216 (172 NE 743); *People* v. *Tennant* (1939), 32 Cal App 2d 1 (88 P2d 937); *People* v. *Izzo* (1958), 14 Ill 2d 203 (151 NE2d 329, 89 ALR2d 187).

Michigan has followed the general trend in this area. In *People* v. *Hawks* (1919), 206 Mich 233, the trial judge instructed the jurors before they were impaneled, and then during the course of the trial, he referred to these preliminary instructions. Where counsel objected to the incorporation by reference of these remarks into the record, the court had this to say:

"A careful reading of these general instructions is convincing that what the court said to the jury at the time was proper and was helpful to them in the duties which they were about to enter upon as jurors in the trial of the various cases which might be brought before them. *Nothing having been brought to our attention which shows that the rights of the respondent were in any way prejudiced,* we conclude that there is no merit in this contention of respondent's counsel." *People* v. *Hawks* (1919), 206 Mich 233, 235. (Emphasis added.)

A few years later, a similar case came before the Michigan Supreme Court in which defense counsel claimed as grounds for reversible error, parts of the presiding judge's indoctrination lecture. Yet the court was not convinced of the prejudicial effect of these comments and affirmed the conviction in the following words:

"While there is no statute or rule requiring it, we apprehend that many presiding judges address the jurors present at the time they are summoned for service. It is, of course, perfectly proper to warn them not to discuss cases which may come before them for decision, and caution them against in-

discreet conduct or other behavior which would tend to disqualify them or affect their competency to sit and fairly decide the matters submitted to them. No allusion should be made to any case or classes of cases pending or to the result of cases theretofore tried in the court. What the court admits he did say would better have been left unsaid. It in no way referred to the conduct of the jurors in or out of the court room, but sought to impress on them the importance of the task they should perform while in the jury room." *People* v. *Brown* (1927), 240 Mich 59, 63.

In the case at bar, the statement objected to by plaintiff was to the effect that in civil cases, the good cases are settled and the difficult ones go to trial. Because the jury deliberated some 10 hours and came up with a verdict of no cause of action, plaintiff claims error. But, as has been said above, the fact alone of the making of this statement, since it is not prejudicial on its face, is not sufficient to cause a reversal of the lower court's decision. Plaintiff has not shown where the comment prejudiced his cause in the minds of the jurors. In his oral argument, plaintiff-appellant's counsel freely admitted that prejudice, if it existed, could affect either plaintiff or defendants and did not seek to relate this necessarily to plaintiff's cause alone. Although the statement under consideration would have been better left unsaid, still it has not been shown to the satisfaction of this Court that its utterance prejudiced plaintiff's position in court. Plaintiff therefore has not been deprived of his right to have his case tried before a fair and impartial jury.

This Court feels that the practice of instructing prospective jurors with regard to their new duties is both practical and commendable, but we highly recommend that a stenographer be present at such indoctrinations so that these preliminary instructions

can be part of the record, upon which error can be assigned.

There being no prejudice shown to constitute reversible error, judgment is hereby affirmed.

LESINSKI, C. J., and FITZGERALD, J., concurred.