PEOPLE v HARRIS

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—CORPUS DELICTI.

The corpus delicti of a crime may be established by circumstantial evidence and reasonable inferences therefrom.

2. CRIMINAL LAW—CORPUS DELICTI—IDENTITY OF PERPETRATORS.

The identity of the perpetrators of a crime is not an element of the corpus delicti.

3. CRIMINAL LAW—EVIDENCE—CONFESSION OF GUILT—CORPUS DELICTI—SUFFICIENCY OF EVIDENCE.

Admission of a defendant's confession as evidence against him in a trial for larceny by conversion of certain metal guardrails is not erroneous because the evidence submitted and reasonable inferences therefrom were sufficient to establish the corpus delicti *aliunde* the confession where the record shows that the defendant was ordered to load certain guardrails on to a truck and deliver them to a specified location; the defendant was observed loading the truck as ordered; later the same day a similar truck occupied by two men entered a private junkyard and the men sold guardrails to the junkyard and one of them signed a receipt for the money received.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 30 Am Jur 2d, Evidence § 1141.
[4, 11] 29 Am Jur 2d, Evidence § 498.
  30 Am Jur 2d, Evidence §§ 927, 931, 933.
[5] 29 Am Jur 2d, Evidence § 598.
[6, 7, 9] 5 Am Jur 2d, Appeal and Error §§ 545, 553.
[8] 29 Am Jur 2d, Evidence §§ 276, 277, 292.
[10] 29 Am Jur 2d, Evidence § 806 *et seq.*
  Propriety of jury, or court sitting as trier of facts, making a comparison of a disputed writing with a standard produced in court, without the aid of an expert witness. 80 ALR2d 272.
  Mode and degree of proof required to establish genuineness of handwriting offered as standard or exemplar for comparison with a disputed writing or signature. 41 ALR2d 575.

4. EVIDENCE—HEARSAY RULE—BUSINESS RECORDS EXCEPTION—AU-
THENTICATION.

Testimony by a junkyard employee who had kept and produced a
receipt identifying a proposed exhibit as part two of a three-
part form and that the original part of the form "goes to the
people who brought the stuff in" was sufficient authentication
reasonably to convince the trial court that the proposed exhibit
was entitled to be admitted as a business record· exception to
the hearsay rule.

5. EVIDENCE—ADMISSIBILITY OF EVIDENCE—COURTS—DISCRETION—
FOUNDATION—APPEAL AND ERROR.

The sufficiency of the foundation which has been laid for the
admission of evidence is a matter addressed to the discretion of
the trial court, and its determination as to this matter should
not be lightly set aside.

6. APPEAL AND ERROR—OBJECTIONS—PRESERVING QUESTION—EVI-
DENCE—FOUNDATION.

A general objection in a trial for larceny by conversion to the
admission of documentary evidence purporting to contain sam-
ples of a defendant's signatures which were used as a standard
of comparison by a handwriting expert, and an argument by
defense counsel that the evidence did not link the defendant
with any crime, did not preserve for appeal an objection as to
the authenticity of the signatures where the objection given
was not sufficient to give the trial court notice of the objection's
grounds so as to afford the court opportunity to cure or obviate
the error, and where the record gives no indication that the
prosecution was unable to produce a witness who could have
testified to the genuineness of the purported signatures.

7. APPEAL AND ERROR—OBJECTIONS—PRESERVING QUESTION.

The Court of Appeals will not consider on appeal error which,
upon proper objection, might have been cured in the court
below.

8. CRIMINAL LAW—EVIDENCE—TRIAL—FAIRNESS—MISCARRIAGE OF
JUSTICE—STATUTES—APPEAL AND ERROR.

A criminal defendant is not entitled to a perfect trial, only to a
fair one; no judgment or verdict shall be set aside or reversed
or a new trial granted on the ground of improper admission or
rejection of evidence unless in the opinion of the court, after an
examination of the entire cause, it shall affirmatively appear
that the error complained of has resulted in a miscarriage of
justice (MCLA 769.26).

DISSENT BY D. E. HOLBROOK, JR., J.

9. APPEAL AND ERROR—OBJECTION—PRESERVING QUESTION—
   GROUNDS FOR OBJECTION—COURT RULES.

   *The Court of Appeals will not review a claimed error unless a timely objection is made; an objection made without specifying the grounds will not preserve the issue for appeal (GCR 1963, 516.2).*

10. EVIDENCE—HANDWRITING—COMPARISON—SAMPLES—AUTHENTICA-
    TION—STATUTES.

    *There must be at least one genuine handwriting sample proven as having been written by an individual before a comparison of handwriting can be made by a handwriting expert (MCLA 600.2144).*

11. EVIDENCE—HEARSAY RULE—BUSINESS RECORDS EXCEPTION—TIME
    SHEETS—FOUNDATION—STATUTES.

    *Time sheets kept in the normal course of an employer's business are admissible under the business records exception to the hearsay rule where the records were being used to prove the truth of the matter asserted; however, the business record must be authenticated before it is admitted into evidence through foundational testimony by a person in charge of the employer's records so that defense counsel may be permitted an opportunity to challenge the authenticity of the record and the methods by which it was kept (MCLA 600.2146).*

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted June 12, 1975, at Detroit. (Docket No. 20928.) Decided September 23, 1975.

Sylvester Harris was convicted of larceny by conversion under $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Weisenthal, Mindell & Panzer,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and
D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, J. Defendant was convicted on
July 2, 1974, in Detroit Recorder's Court of larceny
by conversion under $100 in violation of MCLA
750.362; MSA 28.594. He brings this appeal as a
matter of right. We affirm.

Defendant was an employee of the Wayne
County Road Commission. He was instructed by
his supervisor on May 21, 1974, to deliver certain
guardrails which had been removed from a section
of I-94 to the Wyoming yard of the Wayne County
Road Commission. An employee of a private junk-
yard in Detroit testified that on that day a Wayne
County Road Commission truck with two occu-
pants entered the junkyard and sold certain metal
guardrails and were given a receipt therefor.
When asked by the prosecuting attorney if he saw
the person in court who had sold him the guard-
rails, the witness replied, "I can't identify any-
body."

The testimony of an expert witness tended to
show that the signature on the receipt was that of
the defendant. A police officer testified that, after
being advised of his rights, the defendant made an
oral confession.

Defendant brings several allegations of error.
Defendant contends that plaintiff failed to estab-
lish the corpus delicti *aliunde* the confession, and
that the admission of the confession was, there-
fore, error. Defendant next contends that the re-
ceipt from the junkyard was erroneously admitted
into evidence because of the absence of proper
authentication as a business record qualifying as
an exception to the hearsay rule. Defendant fur-

ther contends that documents which were admitted to serve as a standard of comparison for the handwriting expert to use in identifying the signature of defendant on the receipt were not authenticated by any foundation which would show that the specimen signatures were genuine.

The corpus delicti of a crime may be established by circumstantial evidence and reasonable inferences. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), *Peterson v Oceana Circuit Judge,* 243 Mich 215; 219 NW 934 (1928). In the instant case, the defendant's supervisor ordered the defendant to load the guardrails onto a Wayne County Road Commission truck, and to deliver the guardrails to the "Wyoming yard" of the Commission. The supervisor observed the defendant loading the guardrails as ordered. An employee at a private junkyard in Detroit testified that later the same day a Wayne County Road Commission truck entered the junkyard, loaded with guardrails and occupied by two men who sold the guardrails, and signed a receipt for the money received. A reasonable inference to be drawn at this point is that property of the Wayne County Road Commission had been unlawfully converted. The patent unwillingness of the witness to attempt to identify the occupants of the truck (duly noted by the trial judge) does not bear on the question of the corpus delicti, because it is elementary that the identity of the perpetrators of a crime is not an element of the corpus delicti. We find, therefore, that the evidence submitted and reasonable inferences therefrom were sufficient to establish the corpus delicti *aliunde* the confession. Accordingly, it was not error to admit the confession of the defendant as evidence against him.

Defendant contends that the receipt was not

properly authenticated as a business record. The record shows that the court suggested to the prosecutor that he ask the witness who kept and produced the receipt if it was the receipt he gave. The witness responded, "That particular item, there, that's part two of a three-part copy. That's the third part, right. The original goes to the people that brought the stuff in." We think that this statement by the witness was sufficient reasonably to convince the court that the document was entitled to be admitted as a business record exception to the hearsay rule. Whether or not a sufficient foundation has been laid for the admission of evidence is a matter addressed to the discretion of the trial court and its determination as to this matter should not be lightly set aside. *People v Krulikowski,* 60 Mich App 28; 230 NW2d 290 (1975), *Champion v Champion,* 368 Mich 84, 97; 117 NW2d 107, 109 (1962).

Finally, defendant contends, in substance, that the use of timesheets purportedly signed by defendant as a standard of comparison by an expert witness to show that it was defendant who signed the receipt at the junkyard was error because a proper foundation had not been laid establishing that it was in fact the defendant whose signature appeared on the timesheets. Upon careful examination of the record we find that defendant did not preserve this error for appeal. While defendant did make a general objection to the admission of the documentary evidence when first offered, and later argued that the evidence did not "tie up the defendant with any crime * * * ", we find that the defendant did not object with enough specificity to give the court notice of his grounds, so as to afford the court opportunity to cure or obviate the error. *People v Kowalek,* 296 Mich 714; 296 NW

856 (1941), *People v Hallman,* 299 Mich 657; 1 NW2d 28 (1941). *Brown v Brown,* 338 Mich 492, 503; 61 NW2d 656, 661 (1953), *cert den,* 348 US 816; 75 S Ct 26; 99 L Ed 644 (1954). The record gives no indication that the plaintiff was unable to produce a witness who could have testified to the genuineness of the defendant's signature on the timesheets if defendant had clearly objected on this ground. We will not consider on appeal error which, upon proper objection, might have been cured in the court below.

Having examined defendant's other allegations of error, we find them to be harmless. Defendant is not entitled to a perfect trial, only to a fair one. *Michigan v Tucker,* 417 US 433, 446; 94 S Ct 2357, 2365; 41 L Ed 2d 182, 194 (1974).

MCLA 769.26; MSA 28.1096 provides,

"No judgment or verdict shall be set aside or reversed or a new trial granted by any court of this state in any criminal case, on the ground of * * * improper admission or rejection of evidence * * * unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

The Michigan Supreme Court has consistently followed this policy. *People v Howard,* 391 Mich 597; 218 NW2d 20 (1974), *People v Kregger,* 335 Mich 457; 56 NW2d 349 (1953), *People v Cooper,* 328 Mich 159; 43 NW2d 310 (1950), *People v Hawks,* 206 Mich 233; 172 NW 405 (1919). We agree. *People v Keiswetter,* 7 Mich App 334; 151 NW2d 829 (1967), *People v Carr,* 2 Mich App 222; 139 NW2d 329 (1966).

Affirmed.

Bronson, P. J., concurred.

D. E. Holbrook, Jr., J. *(dissenting)*. The testimony of the police handwriting expert was essential to the prosecution in convicting the defendant. Without it the prosecution could not prove that the defendant was the person who delivered the guardrails to the scrapyard and received the money. Whether or not the trial court considered the scrapyard employee a perjurer, his testimony that he could not identify who delivered the guardrails must be controlling unless the handwriting analysis is admissible.

It is a general rule that this Court will not review a claimed error unless a timely objection is made. GCR 1963, 516.2. It is also a rule that an objection without specifying the grounds will not preserve the issue for appeal. *Campbell v Charles J Rogers Construction Co,* 58 Mich App 411, 416; 228 NW2d 398, 401 (1975). In the present case, although only a general objection was made when the police expert testified, the objection was renewed when the documents were admitted, and in another context, in detail. Furthermore, the documents that the expert relied on were not admitted until the close of the people's proofs and defense counsel during cross-examination of the police expert challenged the expert's basis for relying on the documents.

Turning to the merits of the defendant's claim, I conclude that the prosecution failed to establish that the signature on the receipt was the defendant's. Before a comparison of handwriting can be made it is necessary that there be at least one genuine handwriting sample. MCLA 600.2144; MSA 27A.2144. The police expert acknowledged on cross-examination that he was not familiar with the defendant's handwriting. *Champion v Champion,* 368 Mich 84; 117 NW2d 107 (1962), *Vinton v*

*Peck,* 14 Mich 287 (1866), see McCormick, Evidence (2d ed), § 221, p 547. Furthermore, unlike *People v Lambath,* 297 Mich 349; 297 NW 519 (1941), there was no proof that the defendant signed the receipt, in fact that is what the prosecution was seeking to prove. Consequently, in order to establish that the signature on the receipt was the defendant's the prosecution was required first to show that the signatures on the time sheet were the defendant's. Without establishing that, all the prosecution is able to show is that the signature on the receipt is the same as the signatures on the time sheet. *Flickema v Henry Kraker Co,* 252 Mich 406, 410; 233 NW 362, 363 (1930), *First National Bank of Houghton v Robert,* 41 Mich 709, 711; 3 NW 199 (1879). Since the signatures are the only way to link the defendant to the crime, this is not enough to support a conviction.

The relevancy of the time sheet depends on the fact that signatures on the time sheet are in fact the defendant's. Because the statements are being used to prove the truth of the matter asserted, *i.e.,* that the signature is the defendant's, it is necessary to find a hearsay exception. McCormick, Evidence, § 246. The applicable exception in this case is the business records exception to the hearsay rule since the time sheets are kept as a normal course of the employer's business. MCLA 600.2146; MSA 27A.2146, *People v Kirtdoll,* 391 Mich 370; 217 NW2d 37 (1974). However, it is necessary that a business record be authenticated before it is admitted into evidence. *People v Kirtdoll, supra,* at 387, *Flickema v Henry Kraker Co, supra,* at 409.

In this case, the time sheets that were introduced did not have a proper foundation. In order to lay the proper foundation for the admission of the time sheets, the prosecution should have pro-

duced the person in charge of the employment records. This would have permitted defense counsel the opportunity to challenge the authenticity of the records and the methods by which they were kept. *People v Kirtdoll, supra.*

In order to use an expert in handwriting analysis it is necessary to have a proven genuine signature. *First National Bank of Houghton v Robert, supra.* In this case there is no proven signature of the defendant so that the expert had nothing on which to base his opinion. Without either the expert's opinion or the time sheets as evidence, the trier of fact could not have found through competent evidence that the defendant in fact made the delivery of the guardrails to the scrapyard.

I would reverse and remand for a new trial.