WILKINSON v. CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALK — EVIDENCE — NOTICE—PRESUMPTION.

Under 1 Comp. Laws 1915, § 4589, proof by plaintiff that a defect in a sidewalk had existed for a period of 30 days or longer prior to her injury created a conclusive presumption that the city had notice of the defect and a reasonable time in which to repair it.

2. APPEAL AND ERROR—COURT'S ERRONEOUS STATEMENT OF PLAINTIFF'S TESTIMONY REVERSIBLE ERROR.

Where plaintiff testified positively that she caught her foot in a water box projecting above the sidewalk, which was one of the important questions of fact that she had to establish, it was reversible error for the court to inadvertently state to the jury that she did not so testify.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted June 3, 1924. (Docket No. 10.) Decided July 24, 1924.

Case by Maria Wilkinson against the city of Grand Rapids for personal injuries caused by a defective sidewalk. Judgment for defendant. Plaintiff brings error. Reversed.

*Clare J. Hall,* for appellant.

*Ganson Taggart,* for appellee.

MCDONALD, J. This action was brought to recover damages for injuries sustained by reason of a defect in a sidewalk in the city of Grand Rapids. The accident occurred near the northwest corner of Lafayette avenue and Hall street. On this corner are two grocery stores. The plaintiff lived in the vicinity and had gone to one of the stores to make some purchases. Close by the store, in a cement sidewalk, the city had placed a water box which consists of a metal pipe connecting with the service main used for the purpose of turning on and off the water. This pipe had a metal cap which originally was on a level with the walk, but as the plaintiff claims the cement had worn away, and at the time of the accident it projected above the level of the sidewalk leaving a depression about it; that the cap had become loose and that, as she was passing, her toe caught in it throwing her to the walk and fracturing her right limb between the knee and the hip. It was the defendant's claim that the defect was such that it did not render the sidewalk unsafe and unfit for travel, that the city had no notice, either actual or constructive, of the defect and that the plaintiff was guilty of contributory negligence. The jury returned a verdict of no cause for action. A motion for a new trial was denied. The plaintiff brings error.

Counsel complains of the following instruction to the jury:

"In order to permit the plaintiff to recover you

must find that the city had either actual or constructive notice of the alleged defect, that is, that the cap of this water box was loose and liable to tip up, and that such condition had existed for at least thirty days before the date of the alleged accident.    It is not sufficient that the city had knowledge of this water box, for standing apart from the question of the loose cap, this water box did not render the sidewalk not reasonably safe for travel. *You must, therefore, find actual or constructive notice of the loosened top, and that it existed for a period of at least thirty days prior to the accident."*

This instruction is erroneous.    It is not a correct statement of the law under any theory of the case. In section 4589, 1 Comp. Laws 1915, it is provided that,

"If the defect is caused by said highway, street, bridge, sidewalk, crosswalk, or culvert becoming out of repair, it shall be *conclusively presumed that the township, village or city had notice thereof* and a reasonable time in which to repair the same, *provided said defect has existed for a period of thirty days or longer."*

Under this section of the statute the plaintiff has fully met the requirements of the law as to notice when she has shown that the defect complained of existed for a period of 30 days or longer.    From that fact arises a conclusive presumption that the city had notice of the defect and a reasonable time in which to repair it.    In such case it would not be necessary for the plaintiff to show actual or constructive notice, and there would be no occasion to confuse the issue with an instruction as to actual or constructive notice. If the plaintiff had been relying on a defect that had existed for less than 30 days, it would have been necessary for her to show actual or constructive notice. The effect of the instruction complained of was to inform the jury that the plaintiff must show something more than that the defect had existed for 30 days or

longer, that she must also show that the city had actual or constructive notice.

The plaintiff's evidence was all to the effect that the defective condition had existed for longer than 30 days. The defendant claimed that there was no defect. We do not understand that there was any evidence from which the jury could find that the defect existed for less than 30 days. If there had been such evidence, an instruction that the plaintiff must show actual or constructive notice would have been proper, but under no circumstance would it be necessary that she should show both that the defect existed for longer than 30 days and that the city had actual or constructive notice. Counsel for the plaintiff offered a request which correctly stated the law. It should have been submitted to the jury. The instruction given placed a greater burden on the plaintiff than the law requires. It was error for which the judgment must be reversed.

It is further urged that the court erred in instructing the jury that the plaintiff did not testify that she caught her foot in the water box. The record shows that the court was mistaken as to her testimony in that respect. Both on direct and cross-examination she testified positively that her toe caught in the loose cap of the water box, held her fast, and that she fell forward on her face. In view of the statement of counsel for defendant in his brief, that the court was absolutely right as to her testimony, we quote a part of her cross-examination:

"*Q.* I want you to answer straight and square this question: Was your foot in any way fastened or held by that water box, and if so how; and if so how did you get it out? * * *

"*A.* It certainly was held, but of course I couldn't take—they picked me up. I couldn't take it out myself. * * *

"*Q.* Do you mean to tell us your foot was held by that water box in any way?

"*A.* Why, it certainly was.

"*Q.* It was held so that you stumbled over it and fell, wasn't it?

"*A.* Yes, sir.

"*Q.* And that was the only way, wasn't it?

"*A.* Yes, sir."

Notwithstanding this testimony and more of like positive character the court, evidently through inadvertence, told the jury:

"She does not testify herself that she caught her foot in the water box, but she claims that after she was brought home her husband noticed a mark on her rubber and also on her shoe, and that her husband and her son-in-law went to the place and found this water box."

Whether she caught her foot in the water box was one of the important questions of fact that the plaintiff had to establish. She was the only witness who testified to it. The defendant claimed that her testimony on this question was contradictory and that she did not in fact fall by catching her foot in the water box. The statement of the court that she did not so testify undoubtedly added force to the defendant's contention. We cannot say that the jury was not influenced by his opinion of the evidence. In view of the plaintiff's testimony and the importance of the question involved we think the court's statement amounted to reversible error.

No other questions require discussion.

The judgment is reversed and a new trial granted. The plaintiff will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.