LIPTON v. EAST DETROIT ART THEATRE.

TRIAL—JURY INSTRUCTIONS—MISSTATEMENT OF FACT BY COURT.
    Misstatement of fact by court in instructions to the jury in
    negligence case, which assumed the existence of a fact for
    which there was no evidence, *held*, to require reversal where
    timely objection was made as against contention that trial
    was brief and testimony clear; the evidence presented could not
    have been clear if it allowed for confusion in the court's
    mind.

Appeal from Macomb, Noe (Alton), J. Submitted Division 2 May 16, 1968, at Detroit. (Docket No. 4,216.) Decided July 26, 1968.

Complaint by Albert G. Lipton and Mildred Lipton against East Detroit Art Theatre for injuries suffered when Mildred Lipton fell down stairs at defendant's theatre. Verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded.

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 601.

*Davidson, Gotshall, Kelly, Halsey & Kohl (John R. Secrest,* of counsel), for plaintiffs.

*Nunneley, Nunneley & Hirt,* for defendant.

PER CURIAM. Mildred Lipton was injured at defendant theatre when, en route to the restrooms, she tumbled down a flight of stairs. It was plaintiffs' contention that the presence of stairs was not publicized, that the area was poorly lighted and that this setting constituted negligence on defendant's part which resulted in the injury. It was defendant's position that no negligence existed as the stairs were adequately illuminated, and furthermore, that the injured party had failed to exercise due care when proceeding into the area, such failure constituting contributory negligence. Testimony was elicited at trial to support these positions.

The judge, when instructing the jury, commented on the evidence as follows:

"Apparently stairs were involved here. Apparently the plaintiff was aware, at least, of the fact that stairs were involved, where she negotiated a flight of these stairs with safety. Whether she did so for the entire length of the stairs, having in mind the testimony given on both sides of this particular issue, is what the defendant claims she did not do, and that is, exercise reasonable care for her own safety and use precautions and that there were stairs there."

The jury then retired for deliberations and, in its absence, plaintiffs' counsel objected to this portion of the charge as no testimony existed that part of the stairs had been negotiated. In response to the objection the court answered:

"Well, that is as I understand it. I understand she got down the first steps and didn't know which

way to go. That was your comment, at least, because the light was confusing. * * * After all, I told them that my comment doesn't amount to anything, anyway—don't pay attention to me, don't pay attention to you."

The jury returned a verdict that plaintiff had no cause of action against defendant. Plaintiff appeals.

It is undisputed that the court, in its instructions to the jury, assumed the existence of certain facts when no evidence of such facts existed. Defendant argues on appeal, however, that as the trial was brief and the testimony clear, no prejudice resulted from the trial court's erroneous comment.

We disagree. The evidence presented could not have been so very clear if it allowed for confusion in the court's mind. It is impossible to ascertain the degree of influence which the misstatement of facts had on the jury, and therefore, we cannot say that no prejudice resulted. The court's comments on facts found nowhere in the record constitute reversible error. See *Wilkinson* v. *City of Grand Rapids* (1924), 228 Mich 120; *Hammock* v. *Sims* (1946), 313 Mich 248; *Lord* v. *Winningham* (1943), 307 Mich 300; *Fortner* v. *Koch* (1935), 272 Mich 273.

Reversed and remanded. Plaintiff may tax costs.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.