## McKINCH v DIXON

1. TRIAL—INSTRUCTIONS TO JURY—EVIDENTIARY BASIS.

An instruction to the jury must be based on the evidence introduced during the course of trial.

2. TRIAL—INSTRUCTIONS TO JURY—NEGLIGENCE—AUTOMOBILES—DEFECTIVE DESIGN.

Testimony in an automobile negligence action that a vehicle had defective brakes is not a sufficient foundation to support an instruction regarding the vehicle manufacturer's liability for a defective braking system design.

Appeal from Eaton, Richard Robinson, J. Submitted Division 3 June 20, 1972, at Lansing. (Docket No. 12682.) Decided September 28, 1972. Leaves to appeal granted, 389 Mich 762.

Complaint by Frank L. McKinch against Edward N. Dixon, Jack Dykstra Ford, Inc., and Ford Motor Company for damages resulting from an automobile accident. Judgment for plaintiff against defendant Ford Motor Company. Ford Motor Company appeals. Reversed and remanded for new trial as to Ford Motor Company.

*Sinas, Dramis, Brake & Turner, P. C.* (by *Barry D. Boughton),* for plaintiff.

*Carl L. Reagh,* for defendant Ford Motor Company.

Before: FITZGERALD, P. J., and QUINN and DANHOF, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 843.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1034.

PER CURIAM. Plaintiff's decedent, Frank Lee McKinch, brought this action against defendant Edward Neil Dixon seeking a recovery for personal injuries sustained when, as a pedestrian, he was struck by a vehicle owned and operated by defendant. The complaint alleged negligence on the part of defendant Dixon in the operation of his vehicle. Jack Dykstra Ford, Inc., was later joined as a party defendant. By amended complaint it was alleged that defendant Dykstra Ford was negligent in the servicing of the Dixon vehicle prior to the occurrence in question. The Ford Motor Company was also added as a party defendant in this action. It was averred that the company, having warranted the merchantability of the Dixon vehicle, was negligent in installing an allegedly faulty brake system on the vehicle at the time of its manufacture. The defendants denied the averments of negligence. A cross-claim was filed by defendant Jack Dykstra Ford, Inc., against defendant Ford Motor Company for indemnification.

A jury trial began on March 22, 1971, and resulted in a verdict in the amount of $50,000 in favor of plaintiff's decedent and against Ford Motor Company only. A judgment was entered on April 5, 1971, in conformity with that verdict. A motion for new trial was filed by defendant Ford Motor Company on April 20, 1971, and was denied by the court by order of September 13, 1971. This appeal was filed by defendant Ford Motor Company as a matter of right on September 30, 1971.

Frank Lee McKinch, the original party plaintiff, passed away subsequent to the date of filing of this appeal. His son, Vaughan L. McKinch, was substituted as plaintiff for purposes of appeal.

At approximately 3 p.m. on November 26, 1966, plaintiff's decedent left a restaurant in Dimondale,

Michigan. As he walked outside from the restaurant, he went through a recessed door and started down several cement steps leading to the sidewalk. Defendant Dixon's 1966 Ford pickup truck came over the curb and across the sidewalk, crushing the right foot of plaintiff's decedent as he stepped down on the first step.

Defendant Dixon testified as to the complete brake failure experienced by him in the operation of his pickup truck at the time of the accident in question. Various witnesses, each of whom was shown to have knowledge of the operation of braking systems, testified as to a defect found after the accident in the primary cup of the master cylinder in the Dixon vehicle; the possible causes thereof; and the possible effect of the defect upon the proper operation of the vehicle's braking system. Defendant Jack Dykstra Ford, Inc., attempted to introduce a model of Ford Motor Company's 1967 dual braking system into evidence in an attempt to show defective design in the 1966 braking system manufactured and used by Ford and apparently employed in the Dixon vehicle. The trial court refused to receive this into evidence.

On appeal defendant Ford contends, and the record supports the contention, that the trial court committed error in instructing the jury on the theory of possible defect in the design of the braking system utilized on the Dixon vehicle. Defendant Ford objected to the instruction at trial and in its motion for new trial.

The relevant portion of the court's charge was as follows:

"Three: If you find that defendant Ford Motor Company installed a defectively designed braking system on this vehicle; or that at the time the vehicle left its factory Ford failed to provide adequate rubber seals for

the master cylinder, or failed to provide an adequate master cylinder housing for defendant Dixon's vehicle when used for its intended purpose; and if you find that this failure was the proximate cause of the accident— then you will find for plaintiff and against defendant Ford.

"If you find that defendant Ford did, at the time the vehicle left its factory, provide it with an adequately designed braking system when used for its intended purpose, and did provide it with rubber seals for the master cylinder, and with a master cylinder, all of which were free from defects and reasonably fit for their intended purpose at the time it left Ford's; or if you find that the Ford people failed in one of these respects, but that such failure was not a proximate cause of the accident—then you will find for defendant Ford and against plaintiff."

The instructions as given must be based on the evidence introduced during the course of the trial. *Union Trust Co v Parker,* 251 Mich 630 (1930); *Susich v Michigan Consolidated Gas Co,* 292 Mich 612 (1940); *Garceau v Ishpeming-Negaunee Hospital Association,* 13 Mich App 680 (1968). The record in the instant case does not contain the requisite evidentiary foundation sufficient to support the instruction regarding defective braking system design. We conclude that the trial court committed reversible error in submitting to the jury a field of inquiry which was not within the testimony. *Fortner v Koch,* 272 Mich 273 (1935); *Lord v Winningham,* 307 Mich 300 (1943); *Lipton v East Detroit Art Theatre,* 12 Mich App 548 (1968).

Other questions presented on this appeal are without merit. They need not be considered herein in view of our disposition of this case.

Reversed and remanded for a new trial as to defendant Ford Motor Company. Costs to defendant.

All concurred.